## COMMERCIAL UNION ASSURANCE COMPANY

*v.*

## J. YOUNG SCAMMON.

*Filed at Ottawa November 10, 1881—Rehearing denied March Term, 1882.*

1.   CORPORATION—*power to loan money and receive mortgage security—and herein, of foreign corporations.*   It has been the policy of the legislature of this State for many years to invest corporations with the power to loan money and to take mortgage on real estate as security therefor.   Nor are foreign corporations of like character prohibited by any existing legislation from exercising like powers within this State.

2.   So where a loan was made in this State by the United States Mortgage Company, a corporation created under the laws of the State of New York, and a mortgage upon real estate was executed to the mortgage company to secure the loan, it was *held*, the transaction was a valid one, and by a sale and conveyance under a power in the mortgage, the title to the mortgaged premises passed to the purchaser.

3.   SAME—*as to change of title to real estate, within the meaning of a prohibitory clause in a policy of insurance.*   A policy of insurance upon a building provided: "If the property be sold or transferred, or any change take place in title or possession, whether by legal process or judicial decree, or voluntary transfer, or conveyance," "without the consent of the company indorsed hereon," "this policy shall be void."   At the time the policy was issued there was existing a mortgage upon the premises, which had been executed by the assured to a foreign corporation to secure a loan of money.   Subsequent to the date of the policy, the premises were sold under a power in the mortgage, and a conveyance executed to the purchaser.   Afterwards that purchaser conveyed to another:   *Held*, as the mortgage was a valid one, the conveyances mentioned operated as a change of title to the property insured, within the meaning of the policy, and the policy was thereby forfeited.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. THOMAS A. MORAN, Judge, presiding.

This was an action upon a policy of insurance, to recover for a loss upon a building in the city of Chicago.   The policy, among other things, provided: "If the property be sold or transferred, or any change take place in title or possession,

whether by legal process or judicial decree, or voluntary transfer, or conveyance," "without the consent of the company indorsed hereon," "this policy shall be void."

The defence interposed by the company was, that prior to the making of the policy the assured had mortgaged the premises insured to the United States Mortgage Company, a corporation created under the laws of the State of New York, to secure a loan of money from that corporation,—it being further shown, that after the policy was issued the mortgaged premises were sold under a power in the mortgage, and conveyed to James H. Rees, the purchaser. Subsequently, Rees conveyed to Samuel D. Babcock. The insurance company contends that these conveyances, which were made without its consent, operated to change the title to the property insured, in such way as to render the policy void. Scammon, the assured, insists the mortgage he had executed was void, and hence there was no change in the title to the premises, and that is the question in the case.

The points and authorities upon the question are so fully presented in the case of *Stevens* v. *Pratt et al.* 101 Ill. 206, that they are omitted here.

Messrs. MILLER, LEWIS & BERGEN, and Messrs. DEXTER, HERRICK & ALLEN, for the appellant.

Mr. FRANCIS H. KALES, for the appellee.

Mr. CHIEF JUSTICE CRAIG delivered the opinion of the Court:

This was an action brought by J. Young Scammon, against the Commercial Union Assurance Company, upon a policy of insurance issued January 2, 1874, for the sum of $5000, for one year, on certain premises in Chicago.

The policy contains the following provision: "If the property be sold, or transferred, or any change takes place in the title or possession, whether by legal process or judicial

decree, or voluntary transfer, or conveyance, * * * this policy shall be void."

In May, 1872, Scammon applied to the United States Mortgage Company, a foreign corporation created by the laws of the State of New York, for a loan of money. On May the 30th, 1872, a bond and mortgage were executed, ready for delivery, and on the 9th day of July the mortgage company paid to Scammon the amount agreed to be loaned, $200,000, received the bond and mortgage, and placed the mortgage upon record. In November, 1873, Scammon made default in the payment of interest, and the mortgage company elected to declare the whole debt due, as provided by the terms of the bond and mortgage, and advertised the property for sale on March 31, 1874. In pursuance of the notice the property was sold, and bid off by James H. Rees, for the sum of $100,000. On the 20th day of April, 1874, Rees conveyed the property to Samuel D. Babcock. The property was destroyed by fire, July 14, 1874.

On the trial of the cause in the circuit court, the following instruction was asked by the defendant, and refused:

"12. The jury are instructed, as a matter of law, that the mortgage executed by the plaintiff to the United States Mortgage Company, the deed executed by the mortgage company to James H. Rees, and the deed executed by James H. Rees to Samuel D. Babcock, which have been given in evidence, operated as a change of title to the property described in the policy, within the meaning of the provision of the policy upon that subject, and they should find a verdict for the defendant."

The decision of the court on this instruction is the only question which it will be necessary to consider, as the disposition of that question will settle the whole controversy involved in the case. The circuit court doubtless refused the instruction on the authority of *The United States Mortgage*

*Company* v. *Gross,* 93 Ill. 483.   This court, in the recent case of *Stevens* v. *Pratt,* opinion filed September 30, 1881, (101 Ill. 206,) had occasion to review the decision in the *Gross case,* and that opinion was overruled, in so far as it held a mortgage void which was executed to a foreign corporation after the adoption of the General Incorporation act of 1872.

The decision in *Stevens* v. *Pratt, supra,* is conclusive of the question involved in this case.   It will not be necessary to repeat here the reasoning upon which that decision is based, but we content ourselves with a reference to that case for a full expression of the views of the court upon the question. In accordance with the decision in *Stevens* v. *Pratt,* the court erred in refusing the instruction.

The judgment of the Appellate Court will be reversed, and the cause remanded.

*Judgment reversed.*

Mr. Justice Walker :   I hold the mortgage company had no power to take, hold or convey the title to this property, and therefore dissent.

Mr. Justice Dickey :   While the mortgage company may have been capable of taking and holding a lien upon real estate in this State, it was prevented by statute from taking title.   Having no title, a deed made in its name to another conveyed no title.   At law I think there was no change in the legal title, and hence the policy was not thereby avoided.